18645. STAPLER *v.* THE STATE.

DECIDED MARCH 7, 1928. REHEARING DENIED APRIL 10, 1928.

*Shackelford, Shackelford & Davis, Erwin, Erwin & Nix,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

LUKE, J. ■ Alton Stapler was charged with murdering Charley Hodge by shooting him with a gun. While there is no evidence to show that the defendant intentionally killed the deceased, there is some evidence that the defendant was handling the gun in a reckless and unlawful manner, and that as a result thereof the deceased was killed; and this evidence sustains the verdict of involuntary manslaughter in the commission of an unlawful act; the penalty for which was fixed at a minimum of one year. The deceased was killed while standing in the doorway of a church, three or four steps high, and the defendant was on the ground a few feet from

him. One witness swore: "Charley was standing in the church door, and Alton came through the church and came on out the door and run his hand in his pocket and got a shell, and unbreached the gun and cocked it and shot him. Alton said, 'What you bet I won't shoot you?' and Charley said, 'I don't know,' and he took a shell out of his pocket and unbreached the gun and put it in, and shot him, and said 'Good-bye son, I'll see you again.' After he put the shell in it, he held the gun just this way. The gun shot him. Charley is dead. I saw him fall." This evidence authorized the jury to conclude that the defendant pointed the gun at the deceased, which is an unlawful act. Penal Code (1910), § 349. This court has no authority to say that the jury must disbelieve this testimony. Even though this witness later made conflicting statements, whether a witness is successfully impeached by conflicting statements, and which of the conflicting statements should be believed, are matters exclusively within the province of the jury, and this court has no authority to invade that province, even though we might have rendered a different verdict had we been sitting as jurors. The trial judge did not see fit to disturb the verdict, and, there being some evidence to support it, we have no power to do so.

█ The court did not err in excluding testimony offered by the defendant by which he sought to prove, as a part of the res gestæ, declarations made by him after the killing, as to its being accidental, the exclusion of which is complained of in the first four special grounds of the motion for a new trial. None of these statements sought to be introduced in evidence were a part of the res gestæ.

█ The court did not err in the instructions on involuntary manslaughter, complained of in the 5th and 6th grounds, or in the instruction that the defendant "can not be cross-examined unless he sees fit," as complained of in the 7th ground of the motion, nor, in the absence of a timely written request, in failing to give the instructions on involuntary manslaughter set out in the 8th ground. We have read the court's charge carefully, and find it adapted to the issues and fair to the accused. The jury were instructed that involuntary manslaughter could be "the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act without due caution and circumspection," and were also instructed that if they believed that the defendant,

without any intention to kill, pointed the gun at the deceased, the defendant might be guilty of involuntary manslaughter.

There was some evidence to authorize the verdict rendered, and the special grounds of the motion for a new trial show no legal reason for a reversal.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*