## 21947.  GAYLOR *v.* THE STATE.

DECIDED FEBRUARY 17, 1932.

*Porter & Mebane,* for plaintiff in error.

*M. Neil Andrews,* solicitor-general, *Horace D. Shattuck,* contra.

LUKE, J. W. H. Gaylor and his son, Cecil Gaylor, were separately indicted but jointly tried for the offense of manufacturing intoxicating liquors. Though the evidence was substantially the same against both defendants, the latter was acquitted by the jury. The former excepts to the judgment overruling his motion for a new trial.

The motion for a new trial complains that the evidence failed to establish the venue of the alleged offense. The first witness for the State, Dan Brooks, the officer who made the arrest and who appears as prosecutor, after testifying to having found a still site at one place and the accused at another place, which was in a road 100

yards or more from the still site, said: "It was in this county," meaning Chattooga county in which the case was tried. But on cross-examination, as to the issue of venue, he testified: "It did not all happen in Floyd county, the way the line runs. The line is way down below Sprites. It is marked off on the road. I don't mean the line runs along the road. I don't know where it went across. It depends on whether that line runs to the right or left. It didn't run up and down the road. I don't know where the line goes across there where the still is." Ed Gaylor, who was with Dan Brooks at the still site and at the place where the accused was found and arrested, being examined upon the question of venue, said: "I couldn't say that still was in Chattooga county. It wasn't far from the line either way. I don't know which side of the line it was on. I am a deputy sheriff of Chattooga county." F. A. White, a witness for the defendant, testified: "I reckon I ought to know where that still site was that the officers are supposed to have found down there. I have lived there about fifty-two years. It was located on the Floyd-county side of the line, beyond the Floyd-county line a little over a quarter of a mile." No other witness testified on the issue of venue, State's counsel now insists that, under the rule followed in *Stapler* v. *State*, 38 *Ga. App.* 33 (142 S. E. 570), the venue was sufficiently proved by the testimony of Dan Brooks that "it was in this county," notwithstanding his further testimony as set out above. The trouble is that his testimony referred to two separate and distinct places, one of which might easily have been in Chattooga county, while the other was in Floyd county. But for his further testimony, the place referred to by him as "It" might well have included both the still site and the place where the accused was discovered. Taken as a whole, however, his testimony on the question of venue can not be classified as conflicting or self-contradictory or as being in conflict with the testimony of the other witnesses upon the same issue.

Since the State must carry the burden of proving the venue, it must, under the facts of this case, be held that the evidence as a whole was insufficient to authorize the verdict. See Park's Penal Code, § 29, § 1101(a), and notes on "Proof of venue" under former section.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*